UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROGER PRINGLE,                )
                              )
        Petitioner,            )
                              )
    vs.                       )    Cause No. 3:16-cv-717
                              )
SUPERINTENDENT,               )
                              )
        Respondent.            )

# OPINION AND ORDER

Roger Pringle, a *pro se* prisoner, filed an amended *habeas corpus* petition attempting to challenge his guilty plea for burglary and 18-year sentence by the Bartholomew Circuit Court on April 4, 2012, under cause number 03C01-1109-FD-5086. (DE 43.) Pringle lists four grounds in his petition, but, before I can grant *habeas corpus* relief, a petitioner must have exhausted his claims in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004). Here, Pringle has not properly presented any claims to the Indiana Supreme Court.

After he pleaded guilty, Pringle did not file a direct appeal. Though he filed a motion asking to file a belated direct appeal, the motion was denied. *Pringle v. State*, 38 N.E. 3d 229, ¶ 3 (Ind. Ct. App. 2015) (table). The Court of Appeals of Indiana affirmed that ruling and the Indiana Supreme Court denied transfer. *Pringle v. State*, 42 N.E. 3d

520 (Ind. 2015) (table). As such, Pringle has not properly presented any issues to the Indiana Supreme Court on direct appeal.

On November 26, 2012, Pringle filed a post-conviction relief petition which is still pending before the Bartholomew Superior Court. *Pringle v. State*, No. 03D01-1211-PC-6033 (Bartholomew, Ind. Sup. Ct., Nov. 26, 2012), *docket sheet available by searching case number at* https://public.courts.in.gov/mycase/#/vw/Search. Though Pringle claims that he has appealed the denial of his post-conviction relief petition to the Indiana Supreme Court, the case number he lists is for the appeal of the denial of his motion to file a belated direct appeal. (See DE 43 at 2; *see also generally Pringle*, 38 N.E. 3d at 229.) The chronological case summary for his post-conviction relief case shows that the petition is still pending and has not been appealed. *See Pringle*, No. 03D01-1211-PC-6033. As such, Pringle has not presented any post-conviction issues to the Indiana Supreme Court. For these reasons, all of Pringle's claims are unexhausted, and this *habeas corpus* petition must be dismissed without prejudice so that Pringle can continue to pursue his claims in the State courts.

When dismissing a *habeas corpus* petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Pringle was sentenced on April 4, 2012. The time for filing a direct appeal expired on May 14, 2012. *See* Ind. R. App. P. 9.A.(1). Pringle filed a post-conviction relief petition on November 26, 2012, which tolled the 1-year period of

limitation for filing a *habeas corpus* petition. *See* 28 U.S.C. § 2254(d)(2). Before he did so, 195 days had expired. *See generally Holland v. Florida*, 560 U.S. 631, 638 (2010) (determining the 1-year period of limitation by dividing it into days). That means that Pringle will have 170 days remaining after the Indiana Supreme Court rules on his claims. Accordingly, dismissing this petition will not effectively end his chance at *habeas corpus* review, and a stay would not be appropriate.

As a final matter, pursuant to Section 2254 *habeas corpus* Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore there is no basis for encouraging him to proceed further in federal court until he has exhausted his claims in State court. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal *in forma pauperis* because an appeal could not be taken in good faith.

For the foregoing reasons, this case is **DISMISSED WITHOUT PREJUDICE**, pursuant to Section 2254 *habeas corpus* Rule 4 because the claims are unexhausted. Pringle is **DENIED** a certificate of appealability pursuant to Section 2254 *habeas corpus*

Rule 11 and **DENIED** leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3).

    **SO ORDERED**.

    ENTERED: March 2, 2017.

s/ Philip P. Simon  
JUDGE, UNITED STATES DISTRICT COURT
